```
THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
Joey L. Blanch
Assistant United States Attorney
California Bar Number:   186487
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3315
     Facsimile: (213) 894-3713
     E-mail: joey.blanch@usdoj.gov

Attorney for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PATRICK WAYNE SIMONTON,<br><br>　　　　　　Defendant. | ) CR No. 08- 791<br>)<br>) <u>PLEA AGREEMENT FOR DEFENDANT</u><br>) <u>PATRICK WAYNE SIMONTON</u><br>)<br>)<br>)<br>)<br>)<br>) |

　　　1.　This constitutes the plea agreement between PATRIC WAYNE SIMONTON ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

　　　2.　Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a single-count information in

the form attached to this agreement or a substantially similar form.

## NATURE OF THE OFFENSES

3. In order for defendant to be guilty of the single count in the information, which charges a violation of Title 18, United States Code, Section 2252A(a)(2)(A) (distribution of child pornography), the following must be true:

1. Defendant knowingly distributed matter(s) which the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;
2. Defendant knew each visual depiction contained in the matter(s) showed minors engaged in sexually explicit conduct;
3. Defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and
4. Each visual depiction had been mailed/shipped/transported in interstate or foreign commerce by computer.

Defendant admits that defendant is, in fact, guilty of this offense as described in the single-count information.

## PENALTIES AND RESTITUTION

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(2)(A), is: a statutory maximum of 20 years imprisonment and a mandatory minimum of 5 years imprisonment; a period of supervised release of not less than 5 years, up to life; a fine of $250,000 or twice the gross gain or gross loss resulting from

1  the offense, whichever is greatest; and a mandatory special
2  assessment of $100. However, if defendant has sustained a prior
3  conviction described in Title 18, United States Code, Section
4  2252A(b)(1), defendant shall be subject to a statutory maximum
5  sentence of 40 years imprisonment and a mandatory minimum
6  sentence of 15 years imprisonment.
7       5.  Defendant understands and agrees that pursuant to 18
8  U.S.C. § 2259, defendant will be required to make full
9  restitution to the victim(s) of the offense. Defendant agrees
10 that, in return for the USAO's compliance with its obligations
11 under this agreement, the amount of restitution is not restricted
12 to the amounts alleged in the count to which defendant is
13 pleading guilty and may include losses arising from charges not
14 prosecuted pursuant to this agreement as well as all relevant
15 conduct in connection with those charges. Defendant further
16 agrees that defendant will not seek the discharge of any
17 restitution obligation, in whole or in part, in any present or
18 future bankruptcy proceeding.
19      6.  Supervised release is a period of time following
20 imprisonment during which defendant will be subject to various
21 restrictions and requirements. Defendant understands that if
22 defendant violates one or more of the conditions of any
23 supervised release imposed, defendant may be returned to prison
24 for all or part of the term of supervised release, which could
25 result in defendant serving a total term of imprisonment greater
26 than the statutory maximum stated above.
27      7.  Defendant understands that as a condition of supervised
28 release, under 18 U.S.C. § 3583(d), defendant will be required to

register as a sex offender. Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

8.  Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9.  Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

10. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 14, below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant met Victim One on the Internet when she was 14. Defendant lives in California and Victim One lives in Minnesota. At some point, defendant convinced Victim One to take nude photographs of herself and send them to him via the Internet. At least one of these photographs constitutes child pornography pursuant to Title 18, United States Code, Section 2256, as it features Victim One masturbating.

In June-August 2006, when Victim One was 15 years old, defendant began threatening her. Via Internet and telephone, defendant told Victim One that she must send him images of herself performing sexually, via video and webcam. He demanded that she send him images of herself and a 16-year-old girl masturbating each other, performing oral sex on each other, and performing anal sex with "toys." He further demanded that Victim One send him video of herself having sex with a male, and insisted that she engage in both oral and vaginal sex. He insisted that she do so without a condom. Defendant told Victim One that if she did not do these things, he would send the child pornography featuring Victim One to her friends, her family, and her high school. He also said that he would come to Minnesota, follow her around, and make her life miserable. Victim One did not do these things, despite defendant's threats.

Defendant took over Victim One's MSN account and obtained access to her "buddy list." Using this contact information, defendant communicated with a number of Victim One's teenage friends. Posing as Victim One, defendant convinced Victim Two, a 16-year-old girl, to send him nude photographs, then threatened to distribute them to her friends and family if Victim Two did not do what he told her to. Defendant also communicated with Victim Three, a 16-year-old friend of Victim One, threatening to send Victim One's information to her entire High School if Victim Three did not send him naked photographs of herself.

In June-August 2006, defendant used the Internet to distribute the child pornography images featuring Victim One to a number of Victim One's friends, who were all under the age of eighteen, and also to Victim One's brother.

On August 21, 2006, a federal search warrant was conducted on defendant's home, in Los Angeles County. On defendant's computer and in his email accounts, defendant possessed a number of additional images of child pornography featuring teenage girls. These images had been sent to him by the girls themselves, or emailed to him from friends. Specifically, defendant possessed a number of child pornography images featuring Victim Four. Victim Four was a thirteen- then fourteen-year old girl, living in Minnesota, when she met defendant on the Internet. Defendant persuaded her to take nude photographs of herself, including photographs focusing on her genital area.

## WAIVER OF CONSTITUTIONAL RIGHTS

11. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF DNA TESTING

12. Defendant has been advised that the government has in its possession the following items of physical evidence that could be subjected to DNA testing: computer equipment. Defendant understands that the government does not intend to conduct DNA testing of any of these items. Defendant understands that, before entering a guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case. Defendant further understands that, with respect to the offense to which defendant is pleading guilty pursuant to this agreement, defendant would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding defendant's right to request DNA testing, defendant voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing. Defendant understands and acknowledges that by giving up this right, defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which defendant is pleading guilty.

SENTENCING FACTORS

13. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

14. Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

     Base Offense Level   :   22    [U.S.S.G. § 2G2.2(a)(2)]
     Use of a computer    :   +2    [U.S.S.G. § 2G2.2(b)(6)]
     10-150 images        :   +2    [U.S.S.G. § 2G2.2(b)(3)(2)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

15. There is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and

8

(a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

17. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

18. Defendant agrees that he will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before

the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

        g) To recommend that the Court impose the supervised release conditions in paragraph 22, a-p, below.

## THE USAO'S OBLIGATIONS

19. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

        a) To abide by all sentencing stipulations contained in this agreement.

        b) At the time of sentencing to move to dismiss the underlying indictment. Defendant agrees, however, that at the time of sentencing the Court may consider the underlying indictment in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

        c) Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further prosecute defendant for violations of 18 U.S.C. § 2252A(a)(2) (receipt of child pornography), 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography) arising out of defendant's conduct as described in the stipulated factual basis set forth in paragraph 10, above, or to further prosecute defendant for violations of 18 U.S.C. § 2251 (production of child pornography), or 18 U.S.C. § 2422 (coercion and enticement)

10

arising out of defendant's conduct as described in the stipulated factual basis set forth in paragraph 10 above. Defendant understands that the USAO is free to prosecute defendant for any other unlawful past conduct, including crimes involving real children who may be later identified, or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

d) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

## BREACH OF AGREEMENT

20. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea,

11

defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

21. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

    b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution or action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of or action against defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

22. Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution, and the manner in which the sentence is determined, provided that the sentence is within the statutory maximum specified above and is constitutional. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's criminal history category and the conditions of supervised release imposed by the Court, with the exception of the following:

    a. conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court;

    b. The defendant shall use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), as approved by the Probation Officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers, or similar media;

    c. All computers, computer-related devices, and their peripheral equipment, used by the defendant, shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search. The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify

the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall he/she hide or encrypt files or data without prior approval of the Probation Officer. Further, the defendant shall provide all billing records, including telephone, cable, internet, satellite, and the like, as requested by the Probation Officer;

    d. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment/placement on probation;

    e. The defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment, as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing. The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider;

    f. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment, as directed by the Probation

1  Officer;

2        g.   The defendant shall not possess any materials,
including pictures, photographs, books, writings, drawings,
videos, or video games, depicting and/or describing "sexually
explicit conduct," as defined at 18 U.S.C. § 2256(2);

         h.   The defendant shall not possess any materials,
including pictures, photographs, books, writings, drawings,
videos, or video games, depicting and/or describing child
pornography, as defined in 18 U.S.C. § 2256(8);

         i.   The defendant shall not own, use or have access to
the services of any commercial mail-receiving agency, nor shall
he/she open or maintain a post office box, without the prior
approval of the Probation Officer;

         j.   The defendant shall not contact victims LK, MH,
KC, RL, by any means, including in person, by mail or electronic
means, or via third parties.  Further, the defendant shall remain
at least 100 yards from the victims at all times.  If any contact
occurs, the defendant shall immediately leave the area of
contact, and report the contact to the Probation Officer;

         k.   The defendant shall not frequent, or loiter,
within 100 feet of school yards, parks, public swimming pools,
playgrounds, youth centers, video arcade facilities, or other
places primarily used by persons under the age of 18;

         l.   The defendant shall not associate or have verbal,
written, telephonic, or electronic communication with any person
under the age of 18, except: (a)  in the presence of the parent
or legal guardian of said minor; and (b) on the condition that
the defendant notify said parent or legal guardian of his/her

15

conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services

  m. The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes him/her to regularly contact persons under the age of 18;

  n. The defendant shall not affiliate with, own, control, and/or be employed in any capacity by a business whose principal product is the production and/or selling of materials depicting and/or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2);

  o. The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  The defendant shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change;

  p. The defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  The defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move.

  23. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory maximum

and minimum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 40, and the applicable criminal history category as determined by the Court.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, or if any sentencing enhancements imposed by the Court to which the parties stipulated in this agreement is vacated or set aside the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## COURT NOT A PARTY

25. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No

one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_____          7.8.08
JOEY L. BLANCH                              Date
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this

agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_Patrick Simonton_                    7/8/01
PATRICK WAYNE SIMONTON                 Date
Defendant

I am Patrick Wayne Simonton's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_[signature]_                         7/1/08
EDWARD M. ROBINSON                    Date
Counsel for Defendant
Patrick Wayne Simonton

CERTIFICATE OF SERVICE

I, **ELIZABETH GODINEZ-GOMEZ**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and I am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I will serve a copy of: **PLEA AGREEMENT FOR DEFENDANT PATRICK WAYNE SIMONTON.**

**service:**
[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail addressed as follows:

[ ] By hand delivery

[ ] By Email address as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

addressed to:   EDWARD ROBINSON
                DEL AMO FINANCIAL CENTER
                21515 HAWTHORNE BLVD., SUITE 665
                TORRANCE, CA 90503

This Certificate is executed on in **July 10, 2008** Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_E. Gomez_
ELIZABETH GODINEZ-GOMEZ